UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X

UNITED STATES OF AMERICA,

   -against-

MICHAEL SESSA,

    Defendant.
------------------------------------------------------X

OPINION & ORDER
92-CR-351(ARR)


------------------------------------------------------X

MICHAEL SESSA,

    Petitioner,

   -against-

UNITED STATES OF AMERICA,

    Respondent.
------------------------------------------------------X

OPINION & ORDER
97-CV-2079(ARR)

ROSS, J.

On February 22, 2011, petitioner, Michael Sessa, filed a pro se motion for reconsideration pursuant to Local Rule 6.3 and Rule 59(e) of the Federal Rules of Civil Procedure. Petitioner seeks reconsideration of the Opinion & Order of this court, dated January 25, 2011 (the "January 25 Order"), that: (1) denied petitioner's motion to appoint a special prosecutor; (2) denied petitioner's motion to remove his attorney of record and appoint substitute counsel; (3) denied petitioner's motion to hold an evidentiary hearing; (4) denied petitioner's motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure (petitioner's "Rule 33 Motion"); and (5) denied petitioner's petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2255 ("Section 2255"). For the reasons discussed below, petitioner's motion for reconsideration is denied.

I. Standard of Review

Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 6.3 govern motions to "alter or amend a judgment." Fed. R. Civ. P. 59(e). Courts have recognized three major grounds justifying reconsideration pursuant to Rule 59(e): "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations and internal quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Rafter v. Liddle, No. 07-2282-cv, 2008 WL 3842709, at *1 (2d Cir. Aug. 13, 2008) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995)). However, a Rule 59(e) and "Rule 6.3 motion 'is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.'" Johnson v. Bartlett, No. 96 CIV. 6941, 1999 WL 2872, at *1 (S.D.N.Y. Jan.4, 1999) (quoting In re Houbigat, Inc., 914 F.Supp. 997, 1001 (S.D.N.Y.1996)).

II. Analysis

I have carefully reviewed petitioner's motion for reconsideration, looking for a controlling decision of law or factual matter that I previously overlooked, but found none. Instead, petitioner's fifty-six page motion reasserts eighty-five factual matters that petitioner

claims I did not consider, and rehashes the same arguments previously raised in his two petitions pursuant to Section 2255 and his Rule 33 Motion. Insofar as petitioner believes that I "failed to consider or even review specific and sine qua non documents submitted to the court in support of Petitioner's claims," (Motion for Reconsideration at 7), he is incorrect. As noted in this court's Order dated February 10, 2011, I carefully considered each of petitioner's submissions and supporting documents, but found none of petitioner's arguments persuasive. Although petitioner can point to certain documents and facts not referenced in the January 25 Order, those documents and facts were nevertheless considered and determined to have no material bearing on the validity of petitioner's conviction. A court "need not specifically address in minute detail each argument presented when it is plain that there is no merit whatsoever to them." Campbell v. Poole, No. 04-CV-6261, 2008 WL 2561998, at *3 (W.D.N.Y. Jun. 26, 2008). Moreover, insofar as petitioner's motion merely rehashes his previous arguments, a motion for reconsideration is not an additional opportunity to reargue claims previously denied. See Johnson, 1999 WL 2872 at *1; Campbell, 2008 WL 2561998, at *3 (denying petitioner's motion for reconsideration because "[t]he reasons given by petitioner for reconsideration merely repeat those set forth in his previous pleadings, and it is clear that the instant motion 'merely rehashes arguments previously raised,' considered, and rejected by this Court in its decision and order denying petitioner's habeas petition") (quoting Johnson, 1999 WL 2872, at *1); Copley v. Keohane, Nos. 97-MC-106, 88-CR-149, 97-3273CV, 1997 WL 568011, at *1 (N.D.N.Y. Sep. 11 1997) (denying motion for reconsideration because petitioner "offers no legal or factual basis for reconsideration, apart from his original argument which the court rejected"). Indeed, "[c]ourts have repeatedly warned parties that motions for reconsideration should not be made reflexively in order to reargue those issues already considered when a party does not like the way the original motion was resolved."

3

Lang v. United States, No. 02 CR 1444, No. 02 CR 1444 (S.D.N.Y. May 25, 2010) (quotations omitted). Accordingly, petitioner's motion for reconsideration is denied.

III. Conclusion

For the foregoing reasons, petitioner's motion for reconsideration is denied. Because petitioner has not made a substantial showing of the denial of any constitutional right, a certificate of appealability is also denied. 28 U.S.C. § 2253. See also Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds, United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability); see also Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 112-13 (2d Cir. 2000). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

SO ORDERED.

/S/

_____
Allyne R. Ross
United States District Judge

Dated: March 8, 2011
Brooklyn, New York

Mail Copy to:

Michael Sessa
# 95870-004
USP Canaan
U.S. Penitentiary
P.O. Box 300
Waymart, PA 18572